UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
J.F., an infant by ANA ALVARENGA,              Case No. 1:23-cv-02753
mother and natural guardian, and ANA ALVARENGA,
individually,                                             *Jury Trial Demanded*

                            Plaintiffs,

        -against-

UNITED STATES OF AMERICA, and EAN HOLDINGS,
LLC,

                           Defendants.
------------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, J.F. (an infant by Ana Alvarenga, mother and natural guardian) and Ana Alvarenga (individually) (collectively, "Plaintiffs"), hereby file this complaint against Defendants, United States of America (the "USA") and EAN Holdings, LLC ("EAN"), and allege the following.

## PARTIES

1. At all relevant times, including on April 26, 2021, the infant-Plaintiff, J.F. ("J.F.") was a resident of the State of New York, County of Queens.

2. At all relevant times, including on April 26, 2021, Plaintiff Ana Alvarenga ("Alvarenga") was a resident of the State of New York, County of Queens.

3. At all relevant times, including on April 26, 2021, Ana Alvarenga was and is the mother and natural guardian of J.F.

4. At all relevant times, including on April 26, 2021, Defendant United States of America ("USA"), was legally responsible for the acts of omission and/or commission of the officers, agents, and/or employees of the United States Postal Service ("USPS").

1

5. At all relevant times, including on April 26, 2021, the USA was entirely responsible and liable for any torts committed by the USPS and/or its agents, employees, and representatives; and is the only proper defendant in a case brought pursuant to the Federal Tort Claims Act, when agents, employees, and/or representatives of the USPS are involved in an auto collision.

6. At all relevant times, including on April 26, 2021, Lei Pan, was, upon information and belief, a resident of the State of New York, County of Queens.

7. At all relevant times, including on April 26, 2021, Lei Pan, was, upon information and belief, an agent and employee of, and employed by, the USA/USPS.

8. At all relevant times, including on April 26, 2021, Defendant EAN Holdings, LLC ("EAN") was a duly organized foreign limited liability company doing business in the State of New York, and had a place of business in the State of New York.

## JURISDICTION, VENUE, CONDITIONS PRECEDENT

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of defendants acting under color of federal law.

10. This Court has further subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1346(b) in that this is a claim against Defendant United States of America for money damages, accruing on or after January 1, 1945, for personal injuries that were caused by the negligent and wrongful acts and omissions of employees and agents of the United States Government while acting within the scope of their offices and employment, under the circumstances where Defendant USA, if a private person, would be liable to Plaintiffs.

11. Jurisdiction founded upon federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act ("FTCA"), including 28 U.S.C. § 2674.

12. This court has supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

13. Any and all conditions precedent to bringing or maintaining this action have been satisfied by Plaintiffs, or have been excused or waived by Defendants.

14. Plaintiffs have fully complied with the provisions of 28 U.S.C. 2675 of the FTCA and have exhausted their claims by filing the required forms with the defendant and having their claims denied.

15. Plaintiffs complied with 28 U.S.C. § 2675 by timely presenting an administrative claim to the appropriate federal agency for administrative settlement (USPS) on June 24, 2021.

16. The National Tort Center assumed responsibility for processing the claim and rendered a decision, dated, and purportedly mailed on, January 6, 2023, denying Plaintiffs' claims.

17. This action is timely pursuant to 28 U.S.C. §2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of the running of the six-month period after Plaintiffs' claim was denied.

18. This complaint is timely commenced within 6 months of said denial—i.e., prior to July 6, 2023—in compliance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a).

19. This complaint is timely commenced within 2 years of the incident giving rise to this case—i.e., prior to April 26, 2023.

20. Administrative remedies against the USA have been exhausted.

21. Venue is proper under 28 U.S.C. § 1402(b) and 28 U.S.C. § 1346(b)(1), because Plaintiff resides in, and the subject incident occurred in, Queens County, New York, which is within the judicial district of the U.S. District Court for the Eastern District of New York.

**FACTS**

22. At all relevant times, including on April 26, 2021, EAN was the registered owner of a 2019 Dodge bearing license plate number "53481MM" issued by the State of New York (the "Subject Vehicle").

23. At all relevant times, including on April 26, 2021, the USA/USPS—by way of its agents, servants, representatives, and employees (including Pan)—operated the Subject Vehicle.

24. At all relevant times, including on April 26, 2021, the USA/USPS—by way of its agents, servants, representatives, and employees (including Pan)—maintained the Subject Vehicle.

25. At all relevant times, including on April 26, 2021, the USA/USPS—by way of its agents, servants, representatives, and employees (including Pan)—supervised the Subject Vehicle.

26. At all relevant times, including on April 26, 2021, the USA/USPS—by way of its agents, servants, representatives, and employees (including Pan)—controlled the Subject Vehicle.

27. At all relevant times, including on April 26, 2021, EAN—by way of its agents, servants, representatives, and employees—had a duty to maintain the Subject Vehicle in a reasonably safe manner by, *inter alia*, ensuring that it was working properly and was properly and competently serviced and inspected on a regular basis and in accordance with New York State and federal law; that it was periodically checked for any mechanical issues or safety recalls; that it was serviced as recommended by the vehicle's manufacturer and/or based on usage; and that the Subject Vehicle was driven safely and not driven when there were any mechanical issues that were or could have been expected to be present.

28. Defendant EAN knew or should have known that the Subject Vehicle was not in, or maintained in, a reasonably safe condition; that such failure created a substantial likelihood that

the Subject Vehicle would be supervised, maintained, driven, and/or operated to harm other cars and people on the road, including J.F.; and that such failure was a breach of EAN's duty.

29. At all relevant times, including on April 26, 2021, Pan—while driving, controlling, and operating the Subject Vehicle—was acting within the scope of his employment with the USA/USPS, and was driving, controlling, and operating the Subject Vehicle with the express or implied knowledge and consent of the USA/USPS.

30. At all relevant times, including on April 26, 2021, 163rd Street at, near, and/or north of its intersection with Horace Harding Expressway, in Queens, New York ("the Subject Location"), was and is a public street or highway in common use.

31. At all relevant times, including on April 26, 2021, J.F. was a pedestrian who was lawfully at the Subject Location.

32. On April 26, 2021, at or before approximately 4:33 pm at the Subject Location, the Subject Vehicle owned and maintained by EAN; supervised, maintained, and controlled by the USA/USPS; and driven and operated by Pan; struck J.F., who was lawfully threat, which directly and proximately caused J.F. to sustain serious personal injuries (the "Collision").

33. The Collision—and the injuries sustained by J.F. as a result thereof—occurred through no fault or negligence of J.F.

34. At the time of the Collision, upon information and belief, Pan was employed by, and was then acting within the scope of her employment with, the USA/USPS, by making, beginning, and/or finishing a delivery on behalf of the USA/USPS.

### Count I – Plaintiff J.F.'s Claim of Negligence Against All Defendants

35. Plaintiffs incorporate by reference, as if fully set forth in this paragraph, Paragraphs 1 through 34 of the Complaint.

36. At all relevant times (including on April 26, 2021), Defendants owed a duty of care to J.F. and to others to use, operate, maintain, control, own, supervise, and drive the Subject Vehicle in a reasonably safe manner and in compliance with all federal, state, city, and local rules and regulations.

37. Defendants breached this duty of care to J.F. by directly and proximately causing the collision, which directly and proximately caused J.F. to sustain serious personal injuries.

38. The Collision—and the injuries sustained by J.F. as a result thereof—occurred through no fault or negligence of J.F.; and were directly and proximately caused solely because of the negligence of Defendants, and each of them, in their use, control, operation, ownership, maintenance, and supervision of the Subject Vehicle.

39. As a direct and proximate cause of Defendants' negligence, J.F. sustained severe, serious and permanent injuries to his body, person, limbs, ligaments, nerves, tissues, bones and tendons to the extent that each was rendered scarred, traumatized, sick, sore, lame and disabled, and has continued to remain so since the collision; sustained a loss of enjoyment of life; sustained economic losses; was rendered incapacitated and unable to attend to usual activities and vocation; required medical assistance; and, upon information and belief, sustained personal injuries of a permanent and progressive nature.

40. The injuries sustained by J.F. as a direct and proximate cause of Defendants' negligence constitute a "serious injury" within the meaning of Insurance Law § 5102.

41. J.F. sustained economic loss greater than "basic economic loss" within the meaning of Insurance Law § 5102.

42. The limitations on liability set forth in CPLR § 1601 do not apply to this action by reason of one or more of the exceptions set forth in CPLR § 1602.

43. Plaintiff J.F. has sustained, and is entitled to, damages, as a direct and proximate result of Defendants' negligence.

### Count II – Plaintiff Alvarenga's Claim of Negligence Against All Defendants

44. Plaintiffs incorporate by reference, as if fully set forth in this paragraph, Paragraphs 1 through 43 of the Complaint.

45. Plaintiff Alvarenga asserts each of the aforesaid claims, to the extent applicable, on her own behalf.

46. As a direct and proximate result of Defendants' acts and omissions alleged heretofore, Plaintiff Alvarenga suffered pecuniary losses and was caused to incur medical and other necessary expenses related to the infant-Plaintiff, J.F.

47. As a direct and proximate result of Defendants' acts and omissions alleged heretofore, Plaintiff Alvarenga suffered the loss of services and enjoyment of her son, the infant-Plaintiff, J.F.

48. Plaintiff Alvarenga sustained economic loss greater than "basic economic loss" within the meaning of Insurance Law § 5102.

49. The limitations on liability set forth in CPLR § 1601 do not apply to this action by reason of one or more of the exceptions set forth in CPLR § 1602.

50. Plaintiff Alvarenga has sustained, and is entitled to, damages, as a direct and proximate result of Defendants' negligence.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, and each of them, demand judgment against Defendants, and each of them, and seek:

a. An award of compensatory damages against Defendants, and each of them, in an amount to be determined at trial, but not less than $5,000,000.

b. An award of reasonable costs, disbursements, and attorney's fees; and

c. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury as to all issues so triable.

Dated: April 12, 2023                  Respectfully Submitted,

**HELD & HINES, LLP**

/s/ Uri Nazryan
Uri Nazryan
2004 Ralph Avenue
Brooklyn, New York 11234
P: (718) 531-9700
unazryan@heldhines.com
*Counsel for Plaintiffs*